KLEIN, J.
Appellant was convicted of leaving the scene of an accident with personal injury and fleeing or eluding. He argues that the trial court erred in admitting evidence of another crime, which was that appellant did not have a valid driver’s license. We affirm.
Two officers were attempting to locate people who had active warrants for their arrest, and one of the officers observed appellant and believed he was such a person. He then placed a blue flashing light on the dashboard of his unmarked vehicle and began pursuing appellant. Appellant sped away and, while eluding the officers, struck and injured a person and continued to flee.
In opening statement appellant’s counsel told the jury that the appellant was not aware that the people following him were officers and_that he was afraid the people would harm him. In the statement appellant gave the officers after he was arrested, which went into evidence, appellant asserted that he was not aware that these were officers and he was fleeing because he was afraid. The trial court, over appellant’s objection, admitted evidence that appellant had committed an uncharged *1203 crime, driving without a valid driver’s license.
The state argues that evidence that appellant did not have a driver’s license was relevant to refute appellant’s theory that appellant was fleeing because he was afraid of the people chasing him. This defense was also advanced by appellant’s counsel in closing argument.
In Damren v. State, 696 So.2d 709 (Fla.1997), the defendant was on trial for burglarizing a business which he had burglarized two weeks earlier. His theory of defense was that he was too drunk to have had the intent to commit the second burglary, and the Florida Supreme Court held that evidence of the uncharged earlier burglary was admissible to refute the defense theory of lack of intent. We conclude that the lack of a valid driver’s license was admissible in this case based on the same reasoning, because it refuted defendant’s theory that his motive for fleeing was his fear of those following him. Affirmed.
STEVENSON and MAY, JJ„ concur.